FILED

2008 Mar-10  PM 01:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA A. SELLERS,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No. 1:07-cv-01131-VEH** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Patricia A. Sellers ("Ms. Sellers") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act.  She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("the Commissioner"), which denied her application for disability and disability insurance benefits.  Ms. Sellers timely pursued and exhausted her administrative remedies available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g) of the Social Security Act.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971);

*McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental

---

[1]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;
(2)   whether the claimant has a severe impairment;
(3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4)   whether the claimant can perform her past work; and
(5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job."  *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Id*.

3

## FACTUAL BACKGROUND

Ms. Sellers was 55 years of age at the time of her hearing before the ALJ. She claimed disability benefits based on her disability onset date – May 8, 1995 – until the expiration of her date last insured – December 31, 2000. (Tr. 10-1). Ms. Sellers was 44 years of age at the alleged disability onset date and 49 years, seven months, and two days of age on her date last insured. (Tr. 17). She completed high school and two years of college. (Tr. 90). Ms. Sellers worked in a variety of unskilled to semi-skilled jobs before her disability onset date, the most recent of which was as a cashier at Wal-Mart. (Tr. 264). She complained of pain, arthritis, acid reflux, degenerative joint disease of the lumbar spine and right knee, bladder dysfunction, depression, and status post rotator cuff tear with repair. (Tr. 12-15; 80).

## FINDINGS OF THE ALJ

In the instant case, the ALJ determined that Ms. Sellers had not engaged in substantial gainful activity since May 8, 1995, the alleged onset date. (Tr. 12). Because Ms. Sellers's date last insured was December 31, 2000, the ALJ considered all the evidence, "but in particular the objective medical evidence on and before December 31, 2000." (Tr. 10). The ALJ found that Ms. Sellers suffered from the following severe combination of impairments: bladder dysfunction, mild depression, degenerative joint disease of the lumbar spine and right knee, and status post rotator

4

cuff tear with repair. (Tr. 12). As a result, Ms. Sellers met the first two prongs of the five prong test; however, the ALJ did not find that this combination of impairments medically equaled or met the criteria of the listed impairments in 20 C.F.R. § 404.1520(d). (Tr. 12). Based on the findings of multiple severe impairments, the ALJ concluded that on and before December 31, 2000, Ms. Sellers was unable to perform any past relevant work as defined in 20 C.F.R. §§ 404.1565 and 416.965. (Tr. 16).

The ALJ further found that Ms. Sellers had the residual function capacity ("RFC") to perform sedentary work with the additional limitations of a sit/stand option. (Tr. 13). Based on the testimony of the VE, the ALJ found that there were an adequate number of jobs in the local economy that Ms. Sellers could perform despite her sedentary RFC. (Tr. 17). As a result, the ALJ concluded that Ms. Reed had not been disabled during the time period between May 8, 1995, and December 31, 2000. (Tr. 18).

## **FINDINGS AND HOLDINGS OF THE COURT**

Ms. Sellers seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed and remanded for further consideration. (Pl. Br. 2). Ms. Sellers argues that (1) the ALJ did not properly consider her age and (2) the ALJ improperly ruled that the issue

5

of transferability of skills was immaterial to the disability determination.  (Pl. Br. 4, 7).

**I.    The ALJ improperly omitted consideration of Ms. Sellers as a "person closely approaching advanced age" in making his determination.**

Ms. Sellers argues that the ALJ should have considered her to be a "person closely approaching advanced age" when making his disability decision.  20 C.F.R. § 404.1563(d).  At her date of last insured, she was 49 years, seven months, and two days old.   Ms. Sellers argues she should have been considered eligible for a borderline age situation.  (Pl. Br. 4).  She claims that by classifying her as a "younger person," as defined in 20 C.F.R. § 404.1563(c), the ALJ did not follow the proper legal standard.  Ms. Sellers cites *Crook v. Barnhart*[2] as persuasive authority on this point.[3]  (Pl. Br. 5).  The relevant portion of that opinion states that a two-part test is necessary to determine if a borderline age situation exists:  "To identify borderline age situations when making disability determinations, adjudicators will apply a two-part test: (1) Determine whether the claimant's age is within a few days or a few months of a higher age category.  (2) If so, determine whether using the higher age category would result in a decision of 'disabled' instead of 'not disabled.'"  *Id.*

---

[2] 244 F. Supp. 2d 1281 (N.D. Ala. 2003) (Guin, J.).

[3] Neither side has cited nor has the Court been able to independently locate any controlling authority on this issue.  The Court agrees with Judge Guin's reasoning in *Crook*.

In *Crook*, the plaintiff was 54 years and six months of age at the time of the ALJ's decision; however, the ALJ did not consider whether Mr. Crook may have fallen into the "person of advanced age" category. *Crook*, 244 F. Supp. 2d at 1284. Therefore, the ALJ in *Crook* did not investigate the possibility that Mr. Crook's age was on the borderline between a "person closely approaching advanced age" and a "person of advanced age," which led to a mechanical application of the guidelines. *Id.* Because the district court found that the ALJ improperly applied the guidelines in Mr. Crook's borderline situation by failing to apply the two-part test, the case was subsequently reversed and remanded. *Id*.

Similarly, the ALJ in Ms. Sellers's case neither employed the two-part test nor evaluated the effect that the higher age category might have had on her disability determination. On the contrary, the ALJ's only finding concerning Ms. Sellers's age put her squarely into the "younger person" age category, despite the fact that she was fewer than five months away from the "person closely approaching advanced age" category.[4]   (Tr. 17).   This finding is clearly at odds with the Vocational Considerations portion of the Social Security Regulations:  "We will not apply the

---

[4] For comparison, the plaintiff in *Crook* was six months away from the next age category. *Id.* at 1284.

age categories mechanically in a borderline situation."  20 C.F.R. § 404.1563(b).[5]

The ALJ's failure to consider the older age classification is a material omission

because the higher age bracket definition states that "your age along with a severe

impairment(s) and limited work experience *may seriously affect your ability to adjust

to other work*."  20 C.F.R. § 404.1563(d) (emphasis added).  Moreover, if the ALJ

had properly questioned the Vocational Expert ("VE") concerning an individual

within the higher age category, his conclusions may have led to a finding that Ms.

Sellers was disabled.

Therefore, the application of the higher age bracket may have resulted in the

declaration that Ms. Sellers is disabled and, at the very least, is dispositive of any

determination concerning disability.  *See Daniels v. Apfel*, 154 F.3d 1129, 1135 (10th

Cir. 1998) ("What is critical is the fact that in a borderline situation, such as we have

here, § 404.1563(a) plainly precludes mechanical application of the age categories,

that is, simply considering the chronological age of the claimant at the relevant time.

---

[5] Under the "Explanation of Revisions," which clarifies the Social Security agency's intent concerning regulations, the authors explain, "[t]he new paragraph explains that, if a person's age category changes during the period for which we are adjudicating a disability claim, *we will use each of the age categories that is applicable* to the person during the period for which we are deciding if the person is disabled."  Federal Old-Age, Survivors and Disability Insurance and Supplemental Security  Income for the Aged, Blind, and Disabled, 65 Fed. Reg. 17994-01 (April 6, 2000) (Emphasis added).

Failing to consider the effect of a borderline situation in turn precludes application of the grids as a basis for finding no disability, because the Commissioner will not have shown that 'the claimant's characteristics precisely match the criteria of a particular rule.'"); *see also Russell v. Comm'r of Social Security*, 20 F. Supp. 2d 1133, 1135 (W.D. Mich. 1998) ("In any event, when a borderline situation is presented, a factual determination must be made as to the appropriate age category."). As a result, because the ALJ failed to consider whether Ms. Sellers could have fit into the higher age bracket, his decision that Ms. Sellers is not under a disability is not supported by substantial evidence.[6]

## <u>CONCLUSION</u>

The Court concludes that the ALJ's determination that Ms. Sellers is not disabled is not supported by substantial evidence and improper legal standards were applied in reaching this determination.  The Commissioner's final decision is therefore due to be reversed and remanded, and a separate order in accordance with the memorandum opinion will be entered.

---

[6] Because the Court reverses on the age issue, it does not reach the transferability of skills argument.

9

**DONE** and **ORDERED** this the 10th day of March, 2008.


**VIRGINIA EMERSON HOPKINS**
United States District Judge

10